# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL K. MILLER,<br><br>        Plaintiff,<br><br>  vs.<br><br>LAUREN DARBOUZE,<br><br>        Defendant. | Civil Action No. 13-1685<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

AND NOW, this 3rd day of December, 2013, upon consideration of Plaintiff Daniel K. Miller's Pro Se Motion to Proceed In Forma Pauperis (Docket No. [1]),

IT IS HEREBY ORDERED that said Motion [1] is GRANTED as to the In Forma Pauperis Status of Pro Se Plaintiff Daniel K. Miller.

IT IS FURTHER ORDERED that the above captioned matter is dismissed, without prejudice, for lack of subject matter jurisdiction.

In so holding, the Court notes that "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)).

In this Court's estimation, Plaintiff's Complaint fails to establish the existence of federal jurisdiction as there is no basis for the exercise of federal subject matter jurisdiction under 28

U.S.C. §§ 1331 or 1332.  Initially, the Court finds that the allegations in Plaintiff's Complaint are insufficient to establish Federal question jurisdiction.  Plaintiff has not identified any specific federal constitutional or statutory right that was violated by the Defendant.  (Docket No. 1-1).

The Court further finds that Plaintiff has likewise failed to establish that the Court may exercise subject matter jurisdiction over this case based on diversity under 28 U.S.C. § 1332.  Plaintiff has attempted to set forth state law claims of breach of contract, legal malpractice, and breach of fiduciary duty to act with reasonable care and skill, in violation of Pennsylvania Civil Code Section 3291.  (Docket No. 1-1).  Assuming that these are valid state law claims, this Court lacks subject matter jurisdiction to hear them because the parties are not diverse as Plaintiff admits that both he and Defendant Lauren Darbouze are residents of Allegheny County, Pennsylvania and the United States.  (*Id.*).  As such, Plaintiff has not met his burden to show that the parties are completely diverse; thus, he has not established that this case is properly brought under 28 U.S.C. § 1332.  *See McCracken*, 335 F.App'x. at 162-163.

For these reasons, Plaintiff has failed to meet his burden to establish subject matter jurisdiction.  Therefore, Plaintiff's Complaint is DISMISSED, without prejudice.  *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  The Clerk of Court is directed to mark this case CLOSED.

    */s Nora Barry Fischer*
    Nora Barry Fischer
    U.S. District Judge

cc/ecf:  All counsel of record.
    Daniel K. Miller
    915 Belleview St.
    McKeesport, PA 15132
    (Regular and Certified Mail)